UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OLEXI SHUTKO, § | |
| § | |
| Plaintiff, § | |
| § | Case Number _____ |
| vs. § | |
| § | |
| MMM FREIGHT CORP. § | |
| § | |
| Defendant. § | |

## COMPLAINT

The Plaintiff, Olexi Shutko (Shutko), sues MMM Freight Corp. (MMM) for violating the minimum wage provision of the Fair Labor Standards Act (FLSA or Act), 29 U.S.C. §§ 206(a) and 15(a)(2), declaratory relief to establish that drivers who are permitted to drive for MMM are employees as defined by § 3(e)(1) of the Act and are entitled to the protections of the FLSA. This action is brought pursuant to 29 U.S.C. § 216(b). In support of this complaint Shutko states as follows:

### I. Nature of Suit

1. The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101

S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. MMM violated the FLSA by failing to pay employees for all hours worked at the rates required by the FLSA. MMM failed to pay minimum wages to Shutko who suffered or was permitted to work for the company from on or about May 2015 to on or about August 2015. Shutko drove a tractor trailer for MMM and was not paid at least the minimum wage each week.

## II. Parties

3. Shutko is an individual who resides in Seminole County, Florida and has been employed by MMM within the meaning of the FLSA. Shutko consents to be a party in this action.

4. MMM is a corporation that conducts business in among others, Harris County, Texas.

## III. Jurisdiction & Venue

5. This Court has jurisdiction over MMM, because the company conducts business in Texas and has sufficient minimum contacts.

6. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. § 1331 and the FLSA, 29 U.S.C. § 201, et seq.

7. The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

8. Venue is proper in the Southern District of Texas because the MMM conducts business in this district.

### IV. Employer-Employee Relationship

9. The FLSA stretches the meaning of employee to cover some parties who might not qualify as such under a strict application of traditional agency law principles. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992).

10. The definition of employ is broad. *Rutherford Ford Corp. v. McComb*, 331 U.S. 722, 728, 67 S.Ct. 1473, 1476 (1947).

11. In fact, it is clear that the definition of employment as it relates to the FLSA is the broadest definition that has ever been included in one act. *Shultz v. Hinojosa*, 432 F.2d 259, 264 (5th Cir. 1970).

12. Employment under the FLSA is as much a matter of circumstance as it is of consensual agreement. A relationship may exist between two parties whether or not either or both of them give it express recognition. *Gulf King Shrimp Co. v. Wirtz*, 407 F.2d 508, 512 (5th Cir. 1969).

13. Work not requested but suffered or permitted is work time. 29 C.F.R. § 785.11.

14. Shutko was required, permitted or allowed to drive a truck for MMM through a multitude of states for the benefit of the company.

15. MMM controlled and/or was responsible for the goods being transported.

16. Shutko did a specialty job, i.e. drive a semi-truck, which was an integral part of the truck carrier business of MMM.

17. The work of Shutko was an integrated unit of production under such circumstances that Shutko was an employee of MMM.

18. Shutko was economically dependent on MMM.

19. Even if MMM did not request the work from Shutko, it permitted the work.

20. Shutko did not have an independent business organization.

21. MMM keeps a close eye on the operation of its business.

22. Shutko's dispatcher worked for MMM.

23. Shutko suffered or was permitted to work for MMM from on or about May 2015 through on or about August 2015 as defined by 29 U.S.C. § 203(g).

24. MMM is considered the employer of Shutko as defined by 29 U.S.C. § 203(d).

25. At all material times, MMM has been an enterprise within the meaning of § 3(r) of the Act.

26. At all material times, MMM has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the Act, in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

27. MMM is in the trucking industry.

28. MMM hauls materials and/or goods on semi-trucks throughout the country.

29. In the case at hand, MMM was responsible for transporting goods throughout the country.

30. At all material times, Shutko was an individual employee who was engaged in commerce or in the production of goods for commerce as contemplated by §§ 6 & 7 of the Act.

### V. Factual Allegations

31. MMM is a trucking company based out of Illinois.

32. MMM hired Shutko around May 2015 as a driver.

33. MMM arranged for the transportation of Shutko from Florida to Chicago on or about May 2015.

34. MMM required Shutko to participate in training in the month of May 2015.

35. MMM did not pay Shutko at least the minimum wage each week he worked for Defendant.

36. Shutko worked for MMM.

37. MMM dispatched Shutko.

38. MMM provided work to Shutko.

39. Shutko depended on MMM for work.

40. MMM owned the truck that Shutko drove.

41. MMM owned the trailers that Shutko hauled.

42. MMM benefitted from Shutko'S work.

43. Shutko pulled loads to and from Houston, Texas.

44. Shutko was not paid at least the minimum wages for the work he performed for MMM.

45. Shutko notified MMM that he was not paid properly.

46. MMM refused to pay Shutko for all the work performed.

47. MMM failed to keep accurate time records.  Heretofore, its failure to keep records casts the burden on MMM to disprove the testimony of Shutko regarding the number of hours he suffered or was permitted to work. See, *Shultz v. Hinojosa*, 432 F.2d 259, 261 (5th Cir. 1970).

48. All work done by Shutko was done for the benefit of MMM.

49. This work was directed by MMM.

50. Shutko notified MMM of not receiving pay for services rendered.

51. MMM, at the very least, had the opportunity through reasonable diligence to acquire knowledge that Shutko was not paid for work.

52. MMM accepted the work of Shutko.

53. So long as a decree is not entered against MMM directing it to assure that its drivers are paid in accordance to the FLSA the company will indulge in conscious myopia and studied indifference.  See, *Gulf King Shrimp Co. v. Wirtz*, 407 F.2d 508, 514 (5th Cir. 1969).

### VI. Failure to pay wages in accordance with the FLSA

54. During the relevant period, MMM violated § 6(a), § 11(c) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the minimum wage.  MMM has acted willfully in failing to pay Shutko in accordance with the law.

Wherefore, Shutko demands payment of his minimum wages at the correct rate pursuant to 29 U.S.C. § 206(a), an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), declaratory relief pursuant to the DJA and FLSA finding that drivers who are required to train and drive for the benefit of MMM are employees as defined by § 3(e)(1) of the Act and are entitled to the protections of the FLSA, and reasonable attorneys' fees and

costs for all time worked by the attorneys of Morgan & Morgan in prosecuting this case pursuant to 29 U.S.C. § 216(b).

    Respectfully submitted this 2nd day of November 2015,

                                        /s/ *Bernard R. Mazaheri*
                                        Bernard R. Mazaheri
                                        Texas Bar Number 24066628
                                        Morgan & Morgan
                                        20 N Orange Ave Ste 1600
                                      Orlando, FL 32801
                                      Tel – (407)420-1414
                                      Email – BMazaheri@forthepeople.com

                                      Attorney for Plaintiff